## SMITH et al. v. POLLIN et al.
### No. 11198.

United States Court of Appeals
District of Columbia Circuit.

Argued Jan. 24, 1952.

Decided Jan. 29, 1952.

David F. Smith, Washington, D. C., for appellants.

David A. Hart, Washington, D. C., for appellees Charles M. Plunkert, C. M. Plunkert & Company, Plunkert & Maddock, Inc. and Mary E. Spinks.

Joseph A. Cantrel, Washington, D. C., for appellee Charles W. Bucy.

Thomas F. Burke, Washington, D. C., for appellee Henrietta K. Evans.

Louis Ottenberg, Washington, D. C., for appellees Morris Pollin and Riggs Park Land Co.

H. Max Ammerman, Washington, D. C., for appellee Sidney Z. Mensh.

Edmund D. Campbell and Grant W. Wiprud, Washington, D. C., for appellees Riggs Park Land Co., Inc., Lawyers Title Insurance Corporation, Frank W. Marsalek, Perpetual Building Ass'n, and Junior F. Crowell and Samuel Scrivener, Jr., trustees.

M. M. Doyle, Washington, D. C., for appellees Emilie K. Bucy and Henrietta K. Evans.

Before EDGERTON, PRETTYMAN and WASHINGTON, Circuit Judges.

PER CURIAM.

Appellants' motion is for leave to file in the District Court a motion to vacate the judgment of that court dated February 8, 1951. The text of the motion shows that in substance it is a motion for leave to file a motion for a new trial on the ground of newly discovered evidence. The motion raises a question as to proper procedure in such cases.

In criminal cases the procedure upon a motion such as this is now settled. The old rule, Rule II(3), 292 U.S. 662, was

that "the trial court may entertain the motion only on remand of the case by the appellate court for that purpose". When the new Federal Rules of Criminal Procedure were adopted, the word "entertain" was changed to "grant"; so that the present Rule 33 of the Criminal Rules, 18 U.S.C.A., provides, as to motions for new trial based on the ground of newly discovered evidence: "* * * but if an appeal is pending the court may grant the motion only on remand of the case." The Advisory Committee explained in its notes that "Under the proposed rule a motion for a new trial could be made without securing a remand. If, however, the trial court decides to grant the motion then, prior to the entry of the order granting it, a remand will have to be obtained. This course will eliminate the need of a remand in those cases in which the trial court determines to deny a motion for a new trial."[1] In criminal cases, therefore, the procedure is that, when a new trial is sought because of newly discovered evidence in a case pending in the appellate court, a motion for the new trial is made in the District Court, and the District Court may then deny the motion or indicate that it will grant the motion. If that court indicates that it is inclined to grant the motion, a motion for remand is made in the appellate court. See the order of this court in a similar motion in No. 10339, Coplon v. United States, March 29, 1950; see also Rakes v. United States, 4 Cir. 1947, 163 F. 2d 771.

The procedure in civil cases is not so clearly established as it is in criminal cases. The Rules of Civil Procedure make no specific reference to the point. Those Rules, Rule 60(a), 28 U.S.C.A., provide for the correction of clerical mistakes while an appeal is pending, but Rule 60(b), which treats of motions for new trials, upon newly discovered evidence among other things, makes no reference to such motions when appeal is pending. The Circuit Courts seem to have different views on the subject. See Harper Bros. v. Klaw, 2 Cir. 1921, 272 F. 894; Baruch v. Beech Aircraft Corporation, 10 Cir. 1949, 172 F.2d 445.

It is clear that the District Court could not grant a motion for a new trial in a case which is pending in this court upon appeal. Jurisdiction of the case is in this court while the appeal is pending. So the rule of law applicable to civil cases is exactly the same as the specific statement in Criminal Rule 33. That being so, we think that the procedure already established for criminal cases can be established for civil cases also.

We are of opinion, therefore, that, when an appellant in a civil case wishes to make a motion for a new trial on the ground of newly discovered evidence while his appeal is still pending, the proper procedure is for him to file his motion in the District Court. If that court indicates that it will grant the motion, the appellant should then make a motion in this court for a remand of the case in order that the District Court may grant the motion for new trial.

Upon the foregoing basis, we are, by order entered simultaneously herewith, denying the motion in this case.

---

1. Fed.R.Crim.P., p. 131 (2d Prelim.Draft).