Daniel SMITH, Jr., Appellant,

v.

UNITED STATES of America,
Appellee.

Nos. 15080, 15540.

United States Court of Appeals
District of Columbia Circuit.

Argued April 29, 1960.

Decided Sept. 29, 1960.

Mr. Paul R. Connolly, Jr., Washington, D. C. (appointed by the District Court), with whom Mr. David N. Webster, Washington, D. C., was on the brief, for appellant.

Mr. Frank Q. Nebeker, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., and Carl W. Belcher, Asst. U. S. Atty., were on the brief, for appellee.

Before EDGERTON, BAZELON, and BASTIAN, Circuit Judges.

EDGERTON, Circuit Judge.

These appeals are (1) from a conviction of second degree murder[1] and (2) from denial of a motion for a new trial on the ground of newly discovered evidence. United States v. Smith, D.C., 179 F.Supp. 684.

■ Appellant says the corpus delicti was not proved. We disagree. Appellant's wife died of a brain hemorrhage "contre-coup" in the left side of the brain. The deputy coroner testified this hemorrhage resulted from a blow struck by a sharp instrument on the right side of the head, where there were gaping wounds. Shortly before the killing, appellant violently assaulted the woman, threatened to kill her, and dragged her to the room in which her body was found. A bloody flatiron and a bloody iron pipe were found in the room. The walls of the room were spattered with the woman's blood to a height of seven feet. One of her ankles was broken.

■ The appeal from the conviction was pending when the motion for a new trial was filed. Rule 33, F.R.Crim.P., 18 U.S.C.A., provides that "if an appeal is pending the court may grant the motion only on the remand of the case." We did not remand the case and therefore the District Court had no authority to grant the motion. It follows that the denial of the motion was harmless, whether or not denial was within the court's jurisdiction and whether or not it was erroneous; for denial left appellant no worse off than before, and no worse off than he would have been if the court had ignored or dismissed the motion. We are required to disregard errors that do not affect substantial rights. Rule 52(a), F.R.Crim.P.

■ Moreover, we find no error. Denial of a motion for a new trial "cannot be treated as more than matter of discretion or as ground for reversal, except in very plain circumstances indeed." Holt v. United States, 218 U.S. 245, 251, 31 S.Ct. 2, 5, 54 L.Ed. 1021 (Holmes, J.,). Assuming we might still, in our discretion, remand the case in order to enable the District Court to grant a new trial, we see no reason to do so.

■ When the case was tried, the deputy coroner testified not only that this hemorrhage resulted from a blow struck by a sharp instrument, but also that brain hemorrhages "contre-coup" are seldom caused by falls. He was asked: "Do I correctly infer from your testimony that a contre-coup hemorrhage can be caused only by two moving forces coming together, and cannot be caused by a moving force striking an immovable object?" He replied: "No, sir, I say

---

1. The District Court, on mandate of the Supreme Court, Smith v. United States, 358 U.S. 281, 79 S.Ct. 322, 3 L.Ed.2d 299, allowed this appeal in forma pauperis.

that it is possible, but usually the contrecoup hemorrhage is caused by the two forces coming together, movable forces * * *." The new evidence on which appellant relies consists of affidavits of experts that such hemorrhages are caused by falls more often than not and that the hemorrhage in this case was very likely caused by a fall.

The affiants did not examine the body. If they had done so, as the deputy coroner did, they might or might not have agreed with him that the hemorrhage in this case was caused by a blow from a sharp instrument.

We think the views of the affiants have little or no bearing on any material issue in the case. If their views had been presented at the trial, the jury might have been uncertain whether the hemorrhage was caused by a sharp instrument or by a fall. But that is not important. It would still have been clear beyond a reasonable doubt that appellant killed his wife and that the homicide was murder, not manslaughter. His violence and her fatal hemorrhage were not a mere coincidence. Whether his violence caused her hemorrhage directly, or by causing a fall, is immaterial, not only to the fact of his guilt but also to the degree of his guilt. As the court duly instructed the jury, "if the defendant strikes the deceased and as a result of the blow the deceased fell and hit some hard object and a hemorrhage was caused as a result, and that in turn brought about the death, then the defendant's blow is deemed to be by law the cause of the death." " 'Murder in the second degree is the unlawful killing of another, where there is not a premeditated design and plan

to effect death, but where there is *malice* aforethought.' * * * 'Manslaughter * * * is the unlawful killing of a human being *without malice.*' " Fryer v. United States, 93 U.S.App.D.C. 34, 38, 207 F.2d 134, 138. Malice was proved at appellant's trial beyond reasonable or even possible doubt. Nothing in the affidavits suggests either that appellant did not kill his wife or that he acted without malice.

Both judgments are

Affirmed.

BAZELON, Circuit Judge, whom EDGERTON, Circuit Judge, joins in part, concurring in the result: In January 1956 appellant was convicted of murder in the second degree for the fatal beating of his wife. His pro se petition for leave to appeal in forma pauperis was denied by the District Court, and three similar requests were denied by this court.[1] On January 12, 1959—three years after conviction—the Supreme Court vacated the order of this court and remanded the case to the District Court with instructions to allow this appeal (No. 15080) in forma pauperis from the judgment of conviction. 1959, 358 U.S. 281, 79 S.Ct. 322, 3 L.Ed.2d 299. I agree with the court that the corpus delicti was proved[2] and that the appeal from the judgment of conviction must be affirmed.

Much more difficult questions are raised by appellant's appeal No. 15540 from the District Court's denial of a motion for new trial on the grounds of newly discovered evidence.

Rule 33, Fed.R.Crim.P., provides that: "A motion for a new trial based on the

---

1. The first two were rejected without affording petitioner the assistance of counsel. Counsel was appointed, pursuant to the last request, but he was allowed to withdraw without filing a supporting memorandum.

2. See Murray v. United States, 1922, 53 App.D.C. 119, 288 F. 1008, 1016.
   "The corpus delicti, as relates to homicide, is composed of two elements: (a) The death of the person alleged to have been killed; (b) that some criminal agen-

cy caused such death. * * * Of course, both of these elements must be established beyond a reasonable doubt. When the jury find these established, the next inquiry is as to the identity of the criminal agency; and this, too, must be established beyond a reasonable doubt, but is properly no part of the corpus delicti." 53 App.D.C. at page 127, 288 F.2d at page 1016.
   See also, Evans v. United States, 10 Cir., 1941, 122 F.2d 461, 465.

ground of newly discovered evidence may be made only before or within two years after final judgment, but if an appeal is pending the court may grant the motion only on remand of the case." The Government contends that we cannot reach the merits of appellant's appeal because (1) the motion was made more than two years after the judgment of conviction, and (2) the District Court lacked jurisdiction to enter an appealable order denying a new trial because the direct appeal from appellant's conviction (No. 15080) was then pending in this court. With respect to the merits, the Government contends that appellant is not entitled to a new trial because the evidence upon which the motion is based is not "newly discovered." I do not accept these contentions and Judge Edgerton authorizes me to state that he joins in my views thereon.

■ (1) Timeliness: The Government reads Rule 33 to require that a motion for new trial on the ground of newly discovered evidence be presented "within two years after the judgment of conviction and sentencing." [3] We think it means "within two years after the conviction ceases to be subject to direct attack": i. e., the date of "final judgment" is (1) the last date for taking an appeal, if no appeal is taken; and (2) if an appeal is taken, then the date when the appellate process is terminated. This is the interpretation of the Fifth Circuit,

Harrison v. United States, 1951, 191 F.2d 874, and we think it correct for two reasons.

First, Rule 33 was intended substantially to continue the practice under former Criminal Appeals Rule II(3).[4] The term "final judgment," as used in Rule II(3), meant the final judgment of the appellate court in case an appeal was taken.[5] There is nothing in the language of the present rule, or in the comments of the Advisory Committee which drafted it, which manifests an intent to depart from this construction.[6]

Second, we agree with the District Court that it would be "fundamentally unjust" to construe Rule 33 to bar appellant's motion. It is not his fault that the District Court once, and this court thrice, denied him leave to appeal with the result that two years from the District Court's judgment of conviction had already run before the Supreme Court reversed our action, and present counsel was appointed who took an appeal.

■ (2) Jurisdiction: We think the District Court had jurisdiction to enter an appealable order denying a new trial notwithstanding the fact that the direct appeal from appellant's conviction was then pending in this court. Under the former rules of criminal procedure, the District Court could not even "entertain" a motion for a new trial while an appeal was pending unless the appellate court first remanded the case.[7] The pres-

---

3. Appellant was sentenced on February 10, 1956. His motion for new trial was filed November 25, 1959.

4. See Revisor's Notes following 18 U.S. C.A. Rule 33.

5. "A motion for a new trial solely upon the ground of newly-discovered evidence may be made within sixty (60) days after final judgment, without regard to the expiration of the term at which judgment was rendered, unless an appeal has been taken and in that event the trial court may entertain the motion only on remand of the case by the appellate court for that purpose, and such remand may be made *at any time before final judgment.*" Rule II(3), Rules of Practice and Procedure in Criminal Cases, 1934, 292 U.S. 662, emphasis supplied.

A subsequent amendment to Rule II(3) allowed a motion for new trial based on newly discovered evidence to be made in capital cases up to the date of execution. 1938, 304 U.S. 592.

6. The Advisory Committee was well aware of the difference between "two years after final judgment" and "two years after the judgment of conviction and sentencing," for it invites comparison between Rule 35 as drafted (and adopted) and other codes of criminal procedure which require like motions to be presented within a specified period after the "verdict." Fed.R.Crim.P. p. 130 (2d Prelim. Draft 1944).

7. Rule II(3), Rules of Practice and Procedure in Criminal Cases, 1934, 292 U.S. 662.

ent Rule 33 was adopted to abolish this cumbersome procedure. It provides that motions for new trial based on newly discovered evidence may be presented to the District Court at any time "within two years after final judgment, but if an appeal is pending the court may *grant* the motion only on remand of the case." (Emphasis supplied.) The Advisory Committee explained that: "The provision that if an appeal is pending the court may *grant* the motion only on remand of the case, *is intended to change the existing practice* pursuant to which a remand of the case from the appellate court must be secured before the motion for a new trial is made in the trial court. Under the proposed rule a motion for a new trial could be made without securing a remand. If, however, the trial court decides to grant the motion then, prior to the entry of the order granting it, a remand will have to be obtained. *This course will eliminate the need of a remand in those cases in which the trial court determines to deny a motion for a new trial.*" [8] This court has previously assumed that the District Court had jurisdiction to deny a motion for new trial without a remand of the case on appeal.[9] Coplon v. United States, 1951, 89 U.S. App.D.C. 103, 191 F.2d 749.

■ (3) Newly discovered evidence: Present counsel is a leading practitioner in negligence cases involving physical injuries. In examining the record, he questioned the correctness of the Deputy Coroner's testimony. He consulted five eminent neuro-surgeons of his personal and professional acquaintance, each of whom responded without fee. They submitted the substantially identical affidavits described in the court's opinion.

Realistically speaking, we think the evidence of the five neuro-surgeons was "newly discovered" as to appellant. In Delbridge v. United States, 1958, 104 U.S.App.D.C. 399, 262 F.2d 710, 711, the Government urged that, at the time of trial, defense counsel should have known of the newspaper article which constituted the evidence alleged to have been newly discovered. In reversing the order denying the motion for a new trial, we said:

"Strictly speaking, that is true, but we think it is too much to require that under the circumstances counsel should have anticipated the key part to be played by the newspaper incident in the prosecutor's attack on Delbridge and thus should have searched the files of the Library of Congress upon such anticipation. The publication of the article was not an obvious or readily available fact, a technicality, or a point of law." 104 U.S.App.D.C. at page 401, 262 F.2d at page 712.

Here, also, it is "too much to require" that under the circumstances counsel should have anticipated, at the trial, the evidence of the neuro-surgeons. We must keep in mind that appellant is a pauper. His court-appointed trial counsel, as is often the case, was without the investigative or consultative facilities necessary to properly and fully present

8. Fed.R.Crim.P. p. 131 (2d Prelim. Draft 1944), quoted in part in Smith v. Pollin, 1952, 90 U.S.App.D.C. 178, 179, 194 F. 2d 349, 350, emphasis supplied. See also Rakes v. United States, 4 Cir., 1947, 163 F.2d 771, 772 (the purpose of Rule 33 is to "expedite proceedings").

9. Admittedly there are conceptual difficulties in viewing a case as "here" for purposes of direct appeal from conviction and still before the District Court for a new trial motion. There is, however, no practical difficulty. As this case demonstrates, we stayed the appeal while the new trial motion was pending below, so that the trial judge did not have to review the record over our shoulders, so to speak. Rule 33 makes plain that he may entertain the motion. This cannot render the appeal moot since under that rule the District Court may only deny the motion, unless this court has remanded the case to it for the express purpose of granting it. The conceptual and practical aspects of this procedural problem are not unlike those encountered under 28 U.S.C. § 2255 which authorizes motions to vacate sentences to be made "at any time." But cf. Nemec v. United States, 9 Cir., 1950, 184 F.2d 355.

the defense. The plainful fact is that, but for the accident of present counsel's special knowledge and diligence, and his personal and professional relationships with the neuro-surgeons, the question regarding the Deputy Coroner's testimony would never have come to light. An interpretation of "newly discovered" which places the poor at a disadvantage [10] is inconsistent with the philosophy of Rule 33 which authorizes new trials where "required in the interest of justice."

The only question remaining for me is whether the new evidence was likely to produce an acquittal or "a different result." This would include, I think, conviction for a lesser included offense—in this case, manslaughter rather than second-degree murder. After careful study and with considerably more difficulty [11] than my brothers, I conclude that the evidence which appellant now offers was not "likely to" convince the jury to acquit him or even to convict him of manslaughter. I therefore join in affirmance of the District Court's order denying appellant's motion for a new trial.

10. See Griffin v. People of State of Illinois, 1956, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891; dissenting opinion of Judge Edgerton in Cash v. United States, 104 U.S.App.D.C. 265, 274, 261 F.2d 731, 740, judgment vacated, 1958, 357 U.S. 219, 78 S.Ct. 1365, 2 L.Ed.2d 1361; my statement in Jones v. United States, 1959, 105 U.S.App.D.C. 326, 327, 266 F.2d 924, 925.

11. I refrain from explaining the basis of my difficuty since it would burden this opinion with a lengthy description of the record to no useful purpose.