**UNITED STATES of America,** Appellee,

v.

**Robert Walter DOUGLAS, Defendant Appellant.**

No. 391, Docket 28064.

United States Court of Appeals Second Circuit.

Argued June 13, 1963.

Decided June 25, 1963.

---

John S. Martin, Jr., Asst. U. S. Atty. (Robert M. Morgenthau, U. S. Atty. for the Southern District of New York, on the brief), (Arnold N. Enker, Asst. U. S. Atty., of counsel), for appellee.

H. Elliot Wales, New York City (Henry K. Chapman, New York City, on the brief), for appellant.

Before MOORE, HAYS and MARSHALL, Circuit Judges.

PER CURIAM.

This is an appeal by Robert Walter Douglas from a judgment of conviction entered by the United States District Court for the Southern District of New York, Bonsal, J., upon an indictment charging him, in two counts, with possession and sale of narcotics in violation of the federal narcotics statute and with conspiracy to violate the statute. 21 U.S.C. §§ 173, 174. He was sentenced to serve five years in prison on each count, the sentences to run concurrently.

On the evening of September 8, 1960, Special Narcotics Agent James S. Bailey, in the company of two other persons, was introduced to Douglas and had a conversation with him, in a parked automobile, concerning the purchase of heroin. Douglas quoted to Bailey different prices for "pure" and "cut" heroin and, when Bailey decided to take a quantity of "scrambled" heroin, set the purchase price at $300 and accepted full payment from Bailey. At about 11 p. m. Douglas drove the car to a different location, parked it, and walked away; Bailey remained in the car. Two hours later Douglas returned to the car with Robert Phelps, later to be named co-defendant. Bailey got out of the car, Douglas introduced him to Phelps, and Phelps pointed to a folded newspaper lying on the ground near the curb. As Douglas began to walk back to the car, Bailey picked up the newspaper and found wrapped inside two glassine envelopes containing heroin

Appellant contends that it was error for the district court to hold that he had constructive possession of the narcotics which passed from Phelps to Bailey because he was no more than a casual facilitator who introduced a willing buyer

to a willing seller. We find this contention without merit. The evidence demonstrated that appellant quoted various prices for various grades of heroin, fixed the purchase price, accepted payment in advance, and brought about the appearance of Phelps and the delivery of the narcotics within hours of his original conversation with Bailey. These facts amply indicate the existence of a working relationship between Douglas and Phelps sufficient to support a finding of constructive possession, United States v. Hernandez, 290 F.2d 86, 90 (2 Cir., 1961), and bring this case within the exception set forth in United States v. Jones, 308 F.2d 26, 31 (2 Cir., 1962), in which this court stated that constructive possession may well be proved by "evidence showing that a given defendant set the price for a batch of narcotics, had the final say as to means of transfer, or was able to assure delivery."

Affirmed.