Robert W. DOUGLAS, Petitioner,

v.

UNITED STATES of America, Respondent.

United States District Court
S. D. New York.
April 8, 1965.

Robert W. Douglas, pro se.

Robert M. Morgenthau, U. S. Atty. for the Southern Dist. of New York, New York City, for United States, R. Harcourt Dodds, Asst. U. S. Atty., of counsel.

WEINFELD, District Judge.

Petitioner moves under Section 2255 of Title 28, United States Code, to set aside concurrent five-year sentences imposed after his conviction by the Court of Federal narcotics offenses. He contends, first, that his right to a speedy trial was violated because twelve months elapsed between commission of the alleged crime and his indictment, which delay assertedly resulted in a "loss of witnesses" who might have testified in his behalf. Petitioner's second contention is that the competent evidence adduced upon his trial was insufficient to convict, particularly in light of an unsworn written statement (affixed to the moving papers) of a Mrs. Geneva Moore, a potential witness—named as a co-conspirator but not as a defendant—who purportedly could not be located at the time of trial.

Neither ground entitles petitioner to the relief sought. The indictment was returned well within the statutory period and a lapse of one year between its return and the commission of the acts charged therein cannot be deemed undue,[1] particularly absent any showing that the delay was "purposeful or oppressive."[2] Moreover, even if the fourteen months between indictment and trial are considered—and petitioner himself raises no question with respect to them—no cause for relief is shown; it appears that, although petitioner was represented by retained counsel, he made no effort to press for a prompt trial, thereby—under the rule prevailing in this Circuit[3]—waiving his right to a speedy trial. Finally, the issue of delay could have been raised prior to trial, at trial, or on appeal, but was not. As this Court has previously written, "section 2255 may not be used as a substitute to review grounds which the defendant failed to raise at the time of trial and upon an appeal."[4]

In advancing his second contention, petitioner misconstrues the function of Section 2255, which provision may not be availed of to review the sufficiency or competency of trial evidence.[5] In any event, petitioner has had such a review in our Court of Appeals.[6] Whether the alleged co-conspirator's unsworn and undated statement contradicting the testimony of Government agents might properly form the subject of a Rule 33 motion for a new trial "based on the ground of newly discovered evidence" is for the trial judge and not for this Court to decide.[7] The Court notes, however,

1. See United States v. Torres, 343 F.2d 750 (2d Cir. 1965) (15 months); United States v. Simmons, 338 F.2d 804 (2d Cir. 1964) (11 months); Nickens v. United States, 116 U.S.App.D.C. 808, 323 F.2d 808 (D.C.Cir.1963) (10 months); Parker v. United States, 252 F.2d 680 (6th Cir.), cert. denied, 356 U.S. 964, 78 S.Ct. 1003, 2 L.Ed.2d 1071 (1958) (3 years).

2. Pollard v. United States, 352 U.S. 354, 361, 77 S.Ct. 481, 1 L.Ed.2d 393 (1957). Compare Petition of Provoo, 17 F.R.D. 183, 201–203 (D.Md.), aff'd sub nom. United States v. Provoo, 350 U.S. 857 (1955) 76 S.Ct. 101, 100 L.Ed. 761 (per curiam).

3. See, e. g., United States v. Lustman, 258 F.2d 475, 478 (2d Cir.), cert. denied, 358 U.S. 880, 79 S.Ct. 119, 3 L.Ed. 109 (1958). Cf. United States v. Algranati, 239 F.Supp. 116, 239 F.Supp. 116 (S. D.N.Y.1965).

4. McFarlane v. United States, 231 F.Supp. 191, 191–192 (S.D.N.Y.1964).

5. See, e. g., Kyle v. United States, 266 F.2d 670, 672 (2d Cir.), cert. denied, 361 U.S. 870, 80 S.Ct. 131, 4 L.Ed.2d 109 (1959); United States v. Branch, 261 F.2d 530 (2d Cir. 1958), cert. denied, 359 U.S. 993, 79 S.Ct. 1125, 3 L.Ed.2d 981 (1959).

6. United States v. Douglas, 319 F.2d 526 (2d Cir. 1963).

7. The Rule requires that such a motion be made "within two years after final judgment." Since the Rule uses other language—"within 5 days after verdict or finding of guilty"—to refer to mo-

that Mrs. Moore does not account for her failure to testify at trial, and petitioner does not set forth what efforts he made, if any, to secure her testimony.

Petitioner's papers and the records on file showing conclusively that he is not entitled to relief, the motion is denied.

tions made on other grounds, petitioner presumably has two years from the Court of Appeals' affirmance of his conviction, or from June 25, 1963. See Smith v. United States, 109 U.S.App.D.C. 28, 283

F.2d 607, 610 (D.C.Cir.1960) (concurring opinion), cert. denied, 364 U.S. 938, 81 S.Ct. 387, 5 L.Ed.2d 369 (1961) and 370 U.S. 950 (1962); Harrison v. United States, 191 F.2d 874 (5th Cir. 1951).