James L. KING, Appellant,

v.

UNITED STATES, Appellee.

UNITED STATES, Appellant,

v.

James L. KING, Appellee.

Nos. 5335, 5474.

District of Columbia Court of Appeals.

Argued Sept. 16, 1970.

Decided Dec. 7, 1970.
As Modified Jan. 5, 1971.

---

Joseph Paull, Washington, D. C., appointed by the court, for James L. King.

Michael J. Madigan, Asst. U. S. Atty., with whom Thomas A. Flannery, U. S. Atty., John A. Terry and Kenneth Michael Robinson, Asst. U. S. Attys., were on the brief, for appellee in No. 5335; and C. Madison Brewer, Asst. U. S. Atty., with whom Thomas A. Flannery, U. S. Atty., John A. Terry and Michael J. Madigan, Asst. U. S. Attys., were on the motion for summary reversal in No. 5474, for appellant.

Before HOOD, Chief Judge, and KERN and NEBEKER, Associate Judges.

NEBEKER, Associate Judge:

These appeals arise from convictions of attempted burglary in the second degree,[1] destroying private property,[2] and petit larceny.[3]   In No. 5335 the accused urges error in permitting intra-trial amendment of the information to reflect true ownership of the property in question; that a piece of copper pipe used as evidence was not shown to have been part of the copper pipe taken from the property; and that consecutive sentences for the three offenses

1. D.C.Code 1967, §§ 22–103 and 22–1801 (b) (Supp. III, 1970).

2. D.C.Code 1967, § 22–403.

3. D.C.Code 1967, § 22–2202.

totaling two and one-half years [4] are not permitted because the burglary statute prescribes a two-year minimum, and

" * * * had appellant been tried in the District Court it would have been on a Burglary II indictment. Upon conviction and sentence, he would have been eligible for parole in two years, less time off for good behavior, instead of 30 months, less time off for good behavior." [Brief for appellant at 13.[5]]

We cannot agree and, therefore, affirm the convictions.

■ The prosecution was permitted to amend the information in each count to reflect that the property in question belonged to "Weaver and Pinkston, Inc., in care and custody of" Garland F. Pinkston. Originally, the information charged that the property belonged to "Garland F. Pinkston". The amendatory language was inserted before Pinkston's name. Since the amendment conformed to the testimony at trial and no prejudice was occasioned by the defense, no error was committed by permitting that change. *See* G.S.Crim.Rule 7(e); Sams v. District of Columbia, D.C. App., 249 A.2d 230, 231 (1969).

■ Our review of the record reveals that appellant participated in breaking into a building, tearing copper water pipe from the ceiling and walls, and carrying it away. A prosecution witness testified that the piece of pipe used, as evidence was "part of" the one hundred and twenty-five feet of pipe taken from the building. Clearly, the evidence was proper proof of the acts charged.

■ As to appellant's point about sentencing, it is apparent that he loses sight of the fact that the two-year mandatory minimum sentence prescribed for burglary would not necessarily have been imposed on him had he been indicted. D.C.Code 1967, § 22-1801(b) (Supp. III, 1970), permits imprisonment for up to fifteen years, but not less than two years. The existence of a mandatory minimum sentence for a felony does not operate to prevent prosecution and sentencing for lesser misdemeanors when the total possible sentence or actual sentence imposed exceeds that minimum. Certainly this is no situation where there is any doubt as to congressional intent requiring manufacture of an expanded rule of lenity [6] to limit misdemeanor punishment to the mandatory minimum prescribed for the felony offense. Whatever else may be said for the rule of lenity [7] it would be completely irrational to apply it as appellant urges us to do.

■ In No. 5474 the United States appeals from action of the trial court, taken while the appeal was pending, which purported to grant a motion to correct sentence by making the one year sentence for petit larceny and the six months' sentence for destroying property run concurrently rather than consecutively. We treat the action of the trial judge as indicating a willingness

---

4. One year each was imposed for the attempted burglary and the petit larceny. Six months was imposed for destroying property.

5. Appellant is in error in assuming the prescribed two-year minimum establishes parole eligibility. If sentenced for the felony his parole eligibility would be determined under D.C.Code 1967, § 24-203. *See also* 18 U.S.C. § 4202 (1964).

6. Irby v. United States, 129 U.S.App.D.C. 17, 390 F.2d 432 (1967).

7. *E. g.*, United States v. Lewis, D.C.Cir., 435 F.2d 417 (decided October 19, 1970). We note, however, that Congress has now specifically expressed its intent in the area of consecutive sentences for multiple offenses arising from "the same transaction * * * requir[ing] proof of a fact which the other does not." District of Columbia Court Reform and Criminal Procedure Act of 1970, Pub.L.No.91-358, Sec. 210 (§ 23-112) 84 Stat. 610.

to grant the motion.[8] *Cf.* Smith v. Pollin, 90 U.S.App.D.C. 178, 179, 194 F.2d 349, 350 (1952). With the case on appeal the trial court had jurisdiction to entertain the motion and to deny it; *cf.* Smith v. United States, 109 U.S.App.D.C. 28, 29, 283 F.2d 607, 608 (1960), but action purporting to grant the motion was beyond its power at that time. Accordingly, we vacate the order purporting to correct the sentence without prejudice to entry of such order under G.S.Crim.Rule 35, as the trial judge deems appropriate. (See footnote 8.)

The judgment in No. 5335 is affirmed. The order appealed from in No. 5474 is vacated.

---

8. The United States takes the position that there is nothing "illegal" in the original sentence. We need not, under these circumstances, reach that question for upon receipt of our mandate the trial judge will have jurisdiction to consider the legality of sentence or to reduce it in the exercise of discretion also conferred under G.S.Crim.Rule 35(a).