Jerry **WILLIAMS**, Appellant,

v.

**UNITED STATES**, Appellee.

Nos. 5793, 6363.

District of Columbia Court of Appeals.

Argued July 12, 1972.

Decided Oct. 2, 1972.

Henry J. Monahan, Rockville, Md., appointed by this court, for appellant.

David M. Bullock. Asst. U. S. Atty., with whom Harold H. Titus, Jr., U. S. Atty., John A. Terry, Charles E. Brookhart and James A. Fitzgerald, Asst. U. S. Attys., were on the brief, for appellee.

Before KELLY, FICKLING and YEAGLEY, Associate Judges.

3. We add that the public interest is not limited merely to "keeping the trial calendar moving."

PER CURIAM.

These consolidated appeals are from convictions of assault with a dangerous weapon[1] and carrying a dangerous weapon,[2] and from the denial of alternative motions for a new trial or to vacate sentence. We affirm.

At trial the complainant testified on behalf of the Government that he was shot after being asked for twenty cents and replying that he did not have it. He positively identified appellant, a friend of 18 years, as the assailant. An eyewitness to the shooting could not identify appellant as the assailant. The defense presented no witnesses until after appellant interrupted the court's charge to the jury by waving his hands and, after the jury was excused, complaining that neither counsel nor co-counsel had told him he would not be called to testify on his own behalf; that they had failed to call two alibi witnesses, and that they had not notified his family of the trial date. Both appellant's appointed attorney and his co-counsel disputed appellant's charges. Nevertheless, under the circumstances, appellant was permitted to reopen his case and take the stand to testify that he was not in the neighborhood when the shooting allegedly occurred. The trial was then recessed to allow counsel a last opportunity to develop any possible defense. The following day, without further testimony, the case was submitted to the jury which returned verdicts of guilty on each of the two offenses with which appellant was charged.

While the appeal from the two convictions was pending counsel appointed by this court filed in the trial court[3] motions for new trial under Superior Court Criminal Rule 33 or, in the alternative, to vacate sentence pursuant to D.C.Code 1967, § 23-110 (Supp. V, 1972).[4] After an extensive hearing at which counsel and the two alleged alibi witnesses testified, the trial court issued an opinion and order denying the motions.[5] This order was also appealed.

In its written opinion the trial court reviewed the evidence taken on the motions and found

. . . as a fact that the testimony of [both counsel] was credible on all disputed issues with the defendant and that the defendant had not told counsel prior to trial of a credible alibi. The Court finds the testimony of William Bundy would have no probative value at trial but that the testimony of Calvin Williams, if credited by the jury, would have supported the defendant's alibi.

The court concluded as a matter of law that counsel were effective and had discharged their duties in a responsible professional manner. It went on to hold that "[w]hile hindsight would suggest that the witness [Calvin Williams] should have been called", counsel's tactical decision not to pursue their attempts to locate the witness did not constitute ineffective assistance of counsel, particularly when the failure to contact the witness was largely due to appellant's own lack of diligence.[6] Fi-

1. D.C.Code 1967, § 22–502.

2. D.C.Code 1967, § 22–3204.

3. *See* Smith v. United States, 109 U.S.App. D.C. 28, 283 F.2d 607 (1960), cert. denied, 364 U.S. 938, 81 S.Ct. 387, 5 L.Ed. 2d 369 (1961) ; Smith v. Pollin, 90 U.S. App.D.C. 178, 194 F.2d 349 (1952) ; *cf.* King v. United States, D.C.App., 271 A.2d 556 (1970).

4. Appellant first filed a motion for new trial on the ground of newly discovered evidence or, alternatively, to vacate sentence on the ground of ineffective assistance of counsel. He later filed a motion for new trial in the interest of justice.

5. Appellant did not testify at the hearing on the motions.

6. Counsel testified he spoke to a man who identified himself as Calvin Williams on the Friday before trial but he was uncooperative and gave no information supportive of an alibi.

nally, respecting appellant's request for a new trial "in the interest of justice", the court concluded that the circumstances of this case were not so exceptional as to require a new trial for failure to locate and call the alibi witness to testify in appellant's behalf.

■ Appellant claims that the trial court abused its discretion in denying his motions for new trial. It cannot be seriously argued, however, that evidence not available for trial had been newly discovered when, at the very latest, the names of the alleged alibi witnesses became known on the day of trial. Nor is it reasonable to expect that the alibi testimony of the witness Calvin Williams would probably produce an acquittal in face of the complainant's positive identification of his assailant, a man he had known for 18 years. Consequently, we do not find that clear showing of abuse that would permit us to disturb the court's denial of a new trial on the ground of newly discovered evidence.[7] We also see no error in the additional ruling that no exceptional circumstances exist here which require a new trial in the interest of justice,[8] but hold that the separate motion for new trial on that ground was untimely filed and should not have been entertained by the court.[9]

■ The true thrust of appellant's argument, however muted, is that he was denied effective assistance of counsel at trial. As framed by the court in its opinion, the primary issue was whether counsel "who fails to find, prior to trial, a witness supportive of the defendant's surprise testimony at trial" is ineffective. The court answered its own question in the negative and, while certain inconsistencies developed at the hearing in the testimony of counsel, and it never clearly appears just what or when appellant told them of the names and addresses of his alleged alibi witnesses, we agree that appellant failed to carry his admittedly heavy burden of establishing ineffective assistance of counsel.[10] The court weighed the testimony from counsel of the efforts made to locate the alibi witnesses in light of the information they had obtained and of their decision not to pursue these efforts in the belief that their testimony would harm rather than help appellant's case. It credited this testimony, faulting appellant for lack of diligence in supplying counsel with adequate information as to who the witnesses were, what they would say, and how the witnesses could be located. Additionally, as we have said, the court assessed the probable effect of Calvin Williams' testimony at a new trial and decided the outcome would be the same.

Accordingly, in the absence of reversible error,[11] the judgments and order of the trial court are

Affirmed.

---

7. Thompson v. United States, 88 U.S.App. D.C. 235, 188 F.2d 652 (1951); McDonnel v. United States, 81 U.S.App.D.C. 123, 155 F.2d 297 (1946); Heard v. United States, D.C.App., 245 A.2d 125 (1968).

8. *See* Benton v. United States, 88 U.S.App. D.C. 158, 188 F.2d 625 (1951).

9. Marion v. United States, 171 F.2d 185 (9th Cir. 1948), cert. denied, 337 U.S. 944, 69 S.Ct. 1500, 93 L.Ed. 1747 (1949).

10. Harried v. United States, 128 U.S.App. D.C. 330, 389 F.2d 281 (1967).

11. Appellant alleges plain error in the court's instructions, where no objection thereto was made at trial, but we find the instructions adequate under these circumstances. *See* Smith v. United States, D.C.App., 295 A.2d 64 (1972).