**Michael F. MYLES, Appellant,**

v.

**UNITED STATES, Appellee.**

**Nos. 8747, 9796.**

District of Columbia Court of Appeals.

Argued Feb. 5, 1976.

Decided Oct. 1, 1976.

W. Gary Kohlman, Washington, D. C., appointed by this court, for appellant.

Mary H. Weiss, Asst. U. S. Atty., Washington, D. C., with whom Earl J. Silbert, U. S. Atty., John A. Terry and Stuart M. Gerson, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee.

Before KELLY, NEBEKER and YEAGLEY, Associate Judges.

YEAGLEY, Associate Judge:

Appellant was charged in an indictment with second degree murder, a violation of D.C.Code 1973, § 22–2403, and carrying a pistol without a license, a violation of D. C.Code 1973, § 22–3204. Following a jury trial, he was convicted of both counts and this appeal followed. We affirm.

The decedent was killed at approximately 1 a. m. in the men's bathroom of a bar and grill. The government's evidence showed that appellant had followed the decedent into the rest room minutes before witnesses heard shots coming from that direction. Appellant was seen by one witness running from the men's room with a smoking gun in his hand. When the Metropolitan Police arrived, the decedent's body was discovered in a slouched sitting position with a pocketknife in a closed position cupped in his right hand. He was found to have a high level of alcohol in his blood although the prosecution witnesses testified to his apparent sobriety and his lack of staggering. Conflicting testimony was offered by the government and the defense to the decedent's history of violent armed conduct, with the defense attempting to refute the prosecution's evidence of lack of abusiveness by offering witnesses who said the decedent became particularly abusive when drinking.

Following the jury's verdict of guilty, the court sentenced appellant on July 15, 1974, to a term of from five years to life. A notice of appeal (later designated case No. 8747) was filed on July 25, 1974.[1]

Approximately nine months later and while the appeal was still pending in this court, appellant on May 2, 1975, filed two motions, one in the trial court and one in this court. The one in the trial court was a motion for a new trial. The other motion, filed on May 2, in this court requested us to remand the appealed case to the trial court for a hearing on a motion for a new trial "that has already been filed" on the grounds that the record was silent as to why the defendant did not testify.

---

1. Appellant had previously filed with the trial court a motion to vacate and to reconsider the sentence. This was heard and denied on July 31.

On May 29, 1975, this court entered an order denying the motion for a remand. On June 26, 1975, the trial court denied the motion for a new trial on the ground that the motion did not allege newly discovered evidence as required by Rule 33 and was not filed within seven days after verdict. Nonetheless, appellant thereupon noted an appeal from the denial of the motion for a new trial, which is our case No. 9796, and then moved to consolidate that appeal with the earlier appeal in No. 8747.

## I.

■ We first consider the appeal in No. 9796. Rule 33 specifies that absent an allegation of newly-discovered evidence, a motion for new trial shall be made within seven days after verdict. Appellant's motion was filed long after the expiration of the seven-day period. The trial court's denial of the motion must accordingly be affirmed.[2]

## II.

We turn now to a consideration of appellant's second ground for reversal dealing with the trial court's instructions to the jury on self-defense. Appellant alleges that the court altered the standardized instruction on self-defense to such an extent as to constitute reversible error. The first portion of the instruction followed the first paragraph of the standardized instruction almost verbatim.[3]

■ The appellant contends it was error for the court, in the latter part of the instruction, to make the application of the

defense conditional on the jury finding that evidence of self-defense was present. The objection is directed principally at the following sentences in the instruction.

> The defendant is not required to prove that he acted in self defense, if evidence of self defense is present. That, ladies and gentlemen, you must consider first. *You must be satisfied that evidence of self defense is present. In this case, if you find no evidence of self defense present, that ends your consideration.* . . . [Emphasis supplied.]

The argument is technical at best. Although we find the language of the standardized instruction to be preferable, we do not find the instruction as given to amount to reversible error under the circumstances of this case.

Appellant's argument is, in effect, that the jury should not be required to find that there is evidence of self-defense present in order to find that the defendant acted in self-defense. Similar language to that objected to is contained in the standardized instruction, paragraph 3 of which begins: "If evidence of self-defense is present, the government must prove beyond a reasonable doubt that the defendant did not act in self-defense."

Here, the court was extremely reluctant to give any instruction of self-defense at all. As the court expressed it after the defense objected to the charge:

> In my own mind I was not sure there was anything in here to justify self defense, except that [the prosecutor] acquiesced to giving that instruction. Ex-

2. Absent remand, under the procedure set out in *Smith v. Pollin*, 90 U.S.App.D.C. 178, 194 F.2d 349 (1952), the trial court is without jurisdiction to grant a motion for new trial while an appeal is pending. Super.Ct.Cr.R. 33. The trial court nonetheless possesses the power to deny the motion and its denial will constitute an appealable order. *Smith v. United States*, 109 U.S.App.D.C. 28, 283 F. 2d 607 (1960), *cert. denied*, 370 U.S. 950, 82 S.Ct. 1599, 8 L.Ed.2d 816 (1962); *United*

*States v. Frame*, 454 F.2d 1136 (9th Cir.), *cert. denied*, 406 U.S. 925, 92 S.Ct. 1794, 32 L.Ed.2d 126 (1972); *United States v. Hersh*, 415 F.2d 835 (5th Cir. 1969). *See Williams v. United States*, D.C.App., 295 A.2d 503 (1972); *King v. United States*, D.C.App., 271 A.2d 556 (1971).

3. *See* Criminal Jury Instructions for the District of Columbia, No. 5.13 (2d ed. 1972).

cept for that I would not have given it. That is the first thing they have to do, that is to decide whether they find there is evidence of self defense present.

After reviewing the transcript, we agree with the trial court that there was little, if any, evidence of self-defense and it is doubtful whether that evidence was sufficient to warrant an instruction. The instruction was a windfall and any error in its structure cannot be said to work prejudice against the appellant.

In *Suggs v. United States,* 132 U.S.App. D.C. 337, 341–42, 407 F.2d 1272, 1276–77 (1969), the circuit court criticized this selective approach:

> It is not difficult of course to isolate an individual sentence in a series of jury instructions thereby highlighting its special meaning and obscuring the collective impact of the jury instructions taken as a whole. Such an approach, however, tends to focus on the trees and misses the forest. Nor can we accept the notion that jurors give instructions the supercritical scrutiny which an appellate court can provide. We are satisfied that considered as a whole, rather than dealing with parts taken out of context, the charge abundantly covered the elements.

The court's instruction here followed the standardized instruction except for a slight variation which we hold did not constitute reversible error.

■ Similarly, we view appellant's contention, that the court instructed the jury that if it rejected the self-defense claim it must convict appellant, to be without merit. We can find no *must* language in the instruction compelling a guilty verdict.[4] On the contrary, the court said that if evidence of self-defense was present, regardless of who introduced it, it was the prosecution's burden to disprove it beyond a reasonable doubt. Otherwise, the jury should find the defendant not guilty. To argue that the sentence, "[I]f you find no evidence of self defense present, *that ends your consideration*" (emphasis supplied), compels a guilty verdict is to ignore all of the instructions that are to be followed by the jury if it does not find that the accused acted in self-defense.

There being no other issues raised on appeal, the judgments appealed from are .

*Affirmed.*

---

4. Even if we were to find such language, it would not necessarily warrant reversal. *See* *Watts v. United States,* D.C.App., 362 A.2d 706 (1976) (en banc).