**UNITED STATES of America**

v.

**Kim L. POWE, a/k/a "Kim", Appellant.**

No. 77–1172.

United States Court of Appeals,
District of Columbia Circuit.

Feb. 29, 1980.

Rehearing Denied Jan. 19, 1979.

Before BAZELON, Senior Circuit Judge,
TAMM and WILKEY, Circuit Judges.

PER CURIAM.

In this court's order and opinion reported at 192 U.S.App.D.C., 591 F.2d 833 (1978), Judge Wilkey dissenting, we held that based on the record, the trial judge had a duty *sua sponte* to raise the issue of wheth-er the appellant's purported statements were voluntary. We therefore remanded the record to the district court for an evidentiary hearing and findings of fact on the voluntariness question.

Upon remand, the district court conducted further proceedings, and by Memorandum of February 4, 1980, has advised us of the following developments:

On January 23, 1980, government counsel informed the Court that one of the witnesses, Metropolitan Police Officer Gregory I. Green, had no present recollection of the events at issue independent of that reflected in his testimony at defendant's trial. The Court was further informed that a second witness, Detective Rosewal Yates, now recalled that defendant had made the subject statements both before and after defendant's cooperation with the police had been solicited.

The Court has carefully reviewed the trial record, including the testimony of Detective Yates. The Court deems the proffered testimony to materially conflict with the testimony adduced at defendant's trial. Such a conflict, in the Court's view, casts serious question upon the validity of the verdict rendered at defendant's trial. The Court therefore finds that the interests of justice will be best served by granting defendant a new trial. The defendant has made a motion for new trial, to which the Government has offered no opposition. The Court is unable, however, to grant the motion until the case is remanded to it.

The Court therefore requests that the Court of Appeals remand this case so that the defendant's motion for new trial may be granted. *See Smith v. Pollin*, 90 U.S. App.D.C. 178, 194 F.2d 349 (1952).

In view of the foregoing, it is

ORDERED by the court, that this case is remanded to the District Court, and it is

FURTHER ORDERED by the Court, that the Clerk is directed forthwith to issue the mandate in this case.