**Edward THOMAS, Appellant,**

v.

**UNITED STATES, Appellee.**

**Nos. 82–1704, 83–218.**

District of Columbia Court of Appeals.

Submitted Jan. 31, 1984.

Decided March 7, 1984.

1. This issue was raised as part of appellant's motion for a new trial filed December 20, 1982.

Gregory Collins, Washington, D.C., appointed by this court, was on brief for appellant.

Stanley S. Harris, U.S. Atty., Washington, D.C., at the time the brief was filed, Michael W. Farrell, Terrence J. Keeney, and John H. Palmer, Jr., Asst. U.S. Attys., Washington, D.C., were on brief for appellee.

Before NEBEKER, MACK and PRYOR, Associate Judges.

PER CURIAM:

At the conclusion of the evidence at appellant's bench trial on December 17, 1982, the trial court refused defense counsel's request to give a closing argument. Appellant argues and the government concedes[1] that the trial court's refusal constituted reversible error. We agree.

In *Herring v. New York,* 422 U.S. 853, 95 S.Ct. 2550, 45 L.Ed.2d 593 (1975), the Supreme Court held that the defense has "a *right* to be heard in summation of the evidence." *Id.* at 864, 95 S.Ct. at 2556 (emphasis added). The denial of that right can never be deemed harmless. Moreover, the trial court's attempted remedy at a hearing held January 13, 1983 upon appellant's motion for a new trial in no way satisfied the *Herring* right. Though the trial court gave defense counsel an opportunity to present a closing argument at that time, counsel had been given no notice to this effect and, most critically, appellant was not present at the hearing.[2]

*Remanded for new trial.*

There too, the government did not contest the alleged error.

2. In light of the above disposition, we find it unnecessary to reach appellant's other arguments as to the inconsistencies in the court's judgment and the propriety of the court's sentence requiring restitution. Note, however, this court's opinion in *Haynesworth v. United States,* 473 A.2d 366 (D.C.1984).