**Rita GREEN, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 85–620.

District of Columbia Court of Appeals.

Submitted Oct. 19, 1990.

Decided Jan. 9, 1991.

Ferris R. Bond, Reston, appointed by this court, was on the brief, for appellant.

Jay B. Stephens, U.S. Atty., with whom John R. Fisher, Blanche Bruce, and Thomas G. Connolly, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee.

Before ROGERS, Chief Judge, BELSON, Associate Judge, and REILLY, Senior Judge.

PER CURIAM:

Appellant Rita Green appeals from her convictions by a jury of distributing phencyclidine and marijuana, D.C.Code § 33–541(a)(1) (1981), on the ground that the trial court committed reversible error when it proceeded to select the jury after appellant had filed an interlocutory appeal from the denial of her motion to dismiss the charges on double jeopardy grounds. Because jury selection is a basic right, she contends that her conviction must be reversed. We affirm.

I

On October 5, 1984, appellant's first trial for distribution of phencyclidine and marijuana ended in a mistrial. A second trial was scheduled to begin on February 6, 1985. On the day before trial, defense counsel filed a motion to dismiss the charges on double jeopardy grounds. He also filed, on February 5, 1985, a motion for a continuance on the grounds that he had filed the motion to dismiss and had just learned of new information that might create a conflict of interest to his continued representation of appellant. The following day defense counsel advised the judge that he wished to appeal the ruling on the double jeopardy motion. The court stated that there was nothing to appeal since he had refused to let the motion to dismiss be filed because it was untimely, defense counsel having had the previous three months in which to file it, and having offered no reason for the delay. Further, the judge noted that the motion was not in compliance with the rules of the court which

require that motions be filed five days before trial so that the government has an opportunity to be heard. The judge viewed the motion as "patently for the purpose of delay," and stated that a continuance had been denied. Alternatively, the judge denied the motion to dismiss as meritless since it was defense counsel's conduct that had brought about the mistrial.

The prospective jurors then entered the courtroom. At the bench, defense counsel advised the judge that he intended to obtain a stay from the Court of Appeals of the judge's ruling. Counsel then inquired "if the Court would consider today picking the jury and not swearing them in and thus allowing us an opportunity to [seek a stay from the appellate court]?" The court declined this request and proceeded to conduct *voir dire.*

The record does not indicate when Judge Salzman was advised that an appeal had been filed. The jury was selected but not sworn, and the case was continued. On February 7, after being advised that this court had not yet ruled on the appeal, Judge Salzman continued the trial. On February 8, after being advised of this court's summary affirmance, Judge Salzman swore in the jury and the trial began.

II

▮▮▮ Appellant contends that the trial judge erred when he continued to conduct the *voir dire* of the jury after being notified that an interlocutory appeal was pending. In general, when timely notice of an appeal is filed, the trial court loses jurisdiction over the case during the pendency of the appeal. *E.g., Arthur v. Arthur,* 452 A.2d 160, 162 (D.C.1982); *Coleman v. United States,* 414 A.2d 528, 529 (D.C. 1980). The trial court may retain jurisdiction to deny certain motions while an appeal is pending.[1] The trial court does not

---

1. *See, e.g., Nowlin v. United States,* 382 A.2d 9, 14 n. 7 (D.C.1978) (motion for new trial based on newly discovered evidence); *Myles v. United States,* 364 A.2d 1195, 1197 n. 2 (D.C.1976) (same); *Smith v. Pollin,* 90 U.S.App.D.C. 178,

179, 194 F.2d 349, 350 (1952) (per curiam) (same); *see also Johnson v. United States,* 513 A.2d 798, 800 (D.C.1986) (motion to correct sentence); *Smith v. United States,* 414 A.2d 1189,

retain jurisdiction, however, to start a second trial when the appeal is from the denial of a motion to dismiss on double jeopardy grounds, because in that situation, the appeal specifically concerns the right to be free from the burdens of a second trial. *See Arthur v. Arthur, supra,* 452 A.2d at 162. The denial of a motion to dismiss on double jeopardy grounds is immediately appealable, *Abney v. United States,* 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977), and such appeals receive "full merits review and decision on an expedited basis." *Gant v. United States,* 467 A.2d 968, 970 (D.C.1983). In *Coleman v. United States, supra,* 414 A.2d at 529 (D.C.1980), the court specifically adopted a summary appellate procedure to meet frivolous *Abney* appeals.

■ Thus, when notice of appeal on the double jeopardy issue was filed, the trial judge lost jurisdiction in appellant's case while summary review occurred. However, it does not follow that appellant is entitled to the reversal of her convictions because the trial judge proceeded to complete *voir dire* after defense counsel asked for a stay in order to appeal. *See Beach v. United States,* 466 A.2d 862, 865 (D.C. 1983) (per curiam) (citing *Kotteakos v. United States,* 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946)).[2] Appellant received her right to an immediate appeal and the trial judge, upon being advised of the appeal, did not commence further material steps in the trial process.[3]

■ Since a trial does not begin until the jury is impaneled, *Arnold v. United States,* 443 A.2d 1318, 1327 n. 10 (D.C.1982); *Campbell v. United States,* 295 A.2d 498, 499–500 (D.C.1972), appellant is not in a position to claim that she was burdened with a second trial. *See Campbell, supra,* 295 A.2d at 499–500. Furthermore, the transcript indicates that appellant was present in the court at all relevant times, and thus was not deprived of her right to be present at this stage of her trial. In addition, following completion of the *voir dire,* the judge took no further actions in appellant's case until after completion of the appeal.

Appellant does not contend either that her counsel did not participate fully and effectively in the jury selection process or that the jury was somehow influenced by the two-day delay between *voir dire* and the start of trial. Nor did appellant object to proceeding to trial with the jury thus selected. The cases cited by appellant do not support her claim that reversal of her convictions is required, and we have found no authority to support that view.[4]

Accordingly, the judgment is affirmed.

1200 (D.C.1980) (same); *King v. United States,* 271 A.2d 556, 558–59 (D.C.1971) (same).

**2.** *See Carter v. Cathedral Avenue Cooperative, Inc.,* 532 A.2d 681, 684 n. 7 (D.C.1987).

**3.** We do not address the question of whether defense counsel waived any objection to proceeding with *voir dire* by his participation in it after the trial judge had denied the motion to dismiss, the motion for a continuance, and the motion for a stay.

**4.** Appellant cites the following cases without explaining their significance to her case: *Mincey v. Arizona,* 437 U.S. 385, 98 S.Ct. 2408, 57 L.Ed.2d 290 (1978) (invalidating the "murder scene exception" to the warrant requirement created by the Arizona courts, and ruling that statements elicited while defendant was barely conscious in the intensive care unit of a hospital

were involuntary, despite the fact that the defendant was given *Miranda* warnings); *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963) (indigent defendant in state court criminal prosecution has right to appointed counsel); *Tumey v. Ohio,* 273 U.S. 510, 47 S.Ct. 437, 71 L.Ed. 749 (1927) (state statute that paid fee to trier of fact only for convictions, and not for acquittals, was violation of due process of law under the Fourteenth Amendment); *Minor v. United States,* 475 A.2d 414 (D.C.1984) (grant of a partial directed verdict in a criminal case was reversible error because it deprived the jury of the power to make a determination on an essential element of the case); *Thomas v. United States,* 473 A.2d 378 (D.C.1984) (denial of request to give closing argument was reversible error).