**DISTRICT OF COLUMBIA, Appellant,**

v.

**OWENS–CORNING FIBERGLAS CORP., et al., Appellees.**

No. 93–CV–990.

District of Columbia Court of Appeals.

Sept. 25, 1995.

Before STEADMAN and KING, Associate Judges, and NEWMAN, Senior Judge.

## ORDER

PER CURIAM.

This appeal, certified to us as a final judgment under Super.Ct.Civ.R. 54(b), comes without a statement of reasons by the trial court. In *Peoples v. Warfield & Sanford, Inc.,* 660 A.2d 397, 403 (D.C.1995), we held that "a Rule 54(b) certification must be accompanied by a statement of reasons explaining why the judgment should be deemed final for purposes of appeal." We further held that without a proper certification, the judgment lacks finality and hence the appeal must be dismissed for lack of jurisdiction. Accordingly, it is

ORDERED that this appeal is dismissed for lack of jurisdiction. As in *Peoples,* we "leav[e] it to the trial court's discretion whether to enter final judgment again under Rule 54(b), accompanied by a statement of reasons adequate for our review." 660 A.2d at 404.

In the interests of judicial efficiency, we note that it is the present tentative view of this panel that as to all eight appellants, the trial court erred in entering summary judgment on the civil conspiracy claim without permitting further discovery by the District, since Judge Webber's October 11, 1985, order commencing Phase I limited discovery had never been lifted or modified. *See Phillips v. Evening Star Newspaper Co.,* 424 A.2d 78, 81 n. 1 (D.C.1980), *cert. denied,* 451 U.S. 989, 101 S.Ct. 2327, 68 L.Ed.2d 848 (1981) (trial judge should rule on summary judgment *"only* when full discovery of material facts is available to the non-moving party"; emphasis added). We note that appellees' counsel virtually conceded this point at oral argument.

NEWMAN, Senior Judge, dissenting in part; concurring in part:

I dissent from so much of the order as dismisses this appeal. I would remand the record to the trial court to permit reconsideration of the certification issue in light of *Peoples, supra.* If the trial court again decided to certify a final judgment for interlocutory appeal, the court would then be required to state reasons for such certification in accord with our *Peoples* holding. If, upon reconsideration, the trial court decided not to certify under R. 54(b), the trial court should then request us to remand the case, *see*

9. Of course, the Board must articulate the basis    for its ruling on jurisdiction.

*Smith v. Pollin,* 90 U.S.App.D.C. 178, 194 F.2d 349 (1952), so that it could vacate its present certification. To the extent that one may argue that *Peoples* leaves dismissal as our sole option, I would give *Peoples* only prospective application. *See Mendes v. Johnson,* 389 A.2d 781 (D.C.1978) (en banc).

I concur fully in the comments with respect to the civil conspiracy issue. Indeed, it is perhaps a polite understatement to say that appellees "virtually" conceded this point at oral argument.