# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued January 23, 2007       Decided January 26, 2007

No. 06-3058

UNITED STATES OF AMERICA,
APPELLEE

v.

ROBERT E. QUINN,
APPELLANT

Appeal from the United States District Court
for the District of Columbia
(No. 05cr00018-01)

*Aitan D. Goelman* argued the cause for appellant. With him on the briefs was *Barak Cohen*.

*John P. Mannarino*, Assistant U.S. Attorney, argued the cause for appellee. With him on the brief were *Jeffrey A. Taylor*, U.S. Attorney, and *Roy W. McLeese, III*, *Elizabeth Trosman*, *Jay I. Bratt*, and *Laura A. Ingersoll*, Assistant U.S. Attorneys.

Before: GRIFFITH and KAVANAUGH, *Circuit Judges*, and EDWARDS, *Senior Circuit Judge*.

Opinion for the Court filed *Per Curiam*.

*Per Curiam*:   This case involves the prosecution and conviction of Robert E. Quinn for arranging the sale of forklift replacement parts in violation of the trade embargo against Iran. A superseding indictment charged Quinn with one count of conspiracy to commit an offense against the United States, *see* 18 U.S.C. § 371, and five counts of violating the embargo (and of aiding, abetting, and causing each violation), *see* 50 U.S.C. § 1705(b) (establishing penalties for "[w]hoever willfully violates . . . any . . . regulation issued under this chapter"); 31 C.F.R. § 560.204 (prohibiting "the exportation . . . directly or indirectly" of goods from the United States to Iran). Quinn's defense at trial was that he did not "willfully" violate the embargo.

Just over two months after Quinn was sentenced, Tatum, Quinn's boss, pled guilty to making a material false statement in violation of 18 U.S.C. § 1001. In support of the plea, Tatum admitted that he lied when he "stated to [federal] agents that, after learning of Quinn's . . . dealing with [the Iranian company], he had instructed [Quinn] to cease sending . . . replacement parts to [that company] either directly or through a third party." Joint Appendix 265. It appears that, prior to Tatum's admission of his material false statement during his plea colloquy, Quinn had no way to prove that Tatum had lied to government agents, and Quinn apparently did not know that Tatum had admitted his material false statement to the prosecutor. In other words, because Tatum's plea was not entered until after Quinn's trial had concluded, Quinn was unable to present this particular evidence of Tatum's fabrication and recantation to the jury.

During oral argument before this court, counsel for Quinn indicated that he planned to file a motion in the District Court requesting a new trial based on the newly discovered evidence of Tatum's plea. Under Federal Rule of Criminal Procedure 33(b)(1), "[a]ny motion for a new trial grounded on newly

discovered evidence must be filed within 3 years after the verdict." But, "[i]f an appeal is pending, the court may not grant a motion for a new trial until the appellate court remands the case." FED. R. CRIM. P. 33(b)(1). The Supreme Court has stated that, pursuant to Rule 33, where a defendant files a post-conviction motion for a new trial during the pendency of his direct appeal, "[t]he District Court ha[s] jurisdiction to entertain the motion and either deny the motion on its merits or certify its intention to grant the motion to the Court of Appeals, which could then entertain a motion to remand the case." *United States v. Cronic*, 466 U.S. 648, 667 n.42 (1984).

Given counsel's indication that a Rule 33 motion will be filed with the District Court, we will hold the case in abeyance until the District Court either denies the Rule 33 motion, or certifies "its intention to grant the motion." *See id.*; *Smith v. Pollin*, 194 F.2d 349, 349-50 (D.C. Cir. 1952) (per curiam). If the District Court "indicate[s] willingness to grant a new trial," Quinn may then file a motion in this court requesting remand of the case. *Gordon v. United States*, 383 F.2d 936, 938 (D.C. Cir. 1967) (recounting application of the procedure); *see United States v. Hall*, 324 F.3d 720, 721-22 (D.C. Cir. 2003) (same). If, however, the District Court denies the Rule 33 motion, then Quinn may appeal the denial, and that appeal will be consolidated with the case now held in abeyance. *See United States v. Smith*, 331 F.2d 145, 145 (6th Cir. 1964) (order) (directing "that consideration and decision of this appeal be held in abeyance until the trial judge certifies to this Court whether he will grant the motion for a new trial or deny the same" where counsel had orally informed court of Rule 33 motion); *cf. United States v. Lee*, 509 F.2d 400, 402 (D.C. Cir. 1974) (consolidating appeal held in abeyance for another reason with appeal from denial of post-conviction Rule 33 motion). In following this procedure, we conserve judicial resources – neither needlessly remanding the case, *see Smith v. Pollin*, 194 F.2d at 350, nor

addressing issues on appeal that may ultimately be mooted by the grant of a new trial.

The appeal presently before us will be held in abeyance pending further proceedings in connection with the Rule 33 motion.

*So ordered.*