## UNITED STATES v. HELWIG.

### No. 8736.

Circuit Court of Appeals, Third Circuit.

Submitted Nov. 27, 1945.

Decided Dec. 6, 1945.

R. A. Helwig submitted his own papers.

Charles F. Uhl, U. S. Atty., of Pittsburgh, Pa., for appellee.

Before BIGGS, MARIS, and GOODRICH, Circuit Judges.

BIGGS, Circuit Judge.

The appellant was found guilty of a violation of the National Motor Vehicle Theft Act, 18 U.S.C.A. § 408, by a jury of the District Court of the United States for the Western District of Pennsylvania and thereafter was sentenced to a term of imprisonment. Following his conviction he appealed to this court, being authorized to prosecute his appeal in forma pauperis, and filed a record of the proceedings in the court below. He has filed a large number of papers, some of which may be construed as pleading while others seem to express contentions of law. We made orders from time to time extending the appellant's time for filing a brief but on the 31st day of July, 1945 an order was entered requiring the appellant to file his brief on or before October 1, 1945 and stating that if he did not do so "his appeal * * * [should] stand dismissed for want of prosecution." Since the entry of the order referred to the appellant has filed a number of additional papers. Without regard for any technicality of pleading or procedure we shall regard the appeal as having been taken properly and, treating the defendant's numerous papers as constituting a brief, we will endeavor to dispose of the substantial questions raised by the appeal.

The appellant contends that he was denied due process of law at his trial because (1) he was not arraigned and did not validly waive arraignment, (2) that he was not given sufficient time to prepare for trial, the court denying motions for continuance, (3) that counsel assigned to defend him was inexperienced and took no substantial part in the trial, requiring him in effect to conduct his own defense, and (4) that he was denied the opportunity to summons witnesses to testify on his behalf.

---

These charges, if substantiated, would of course constitute such a denial of due process of law as would require a new trial. But the record does not demonstrate whether the appellant's assertions are true or false. It contains a waiver of arraignment signed by the appellant which he insists he signed unwittingly. The record shows that the appellant was represented by counsel but that he conducted his own defense at least in part. It demonstrates that though witnesses were called for the prosecution none appeared on behalf of the appellant. But the record is silent as to the matters concerning which the appellant complains. Indeed such matters ordinarily are dehors the record. There was no stenographic record of the proceedings at the trial.

The appellant has endeavored to supplement this record by various motions filed to this court seeking to have us compel the District Judge and certain other officers of the United States to make affidavits as to these matters dehors the record. This we may not do. Actually the appellant is endeavoring to make his appeal serve as the equivalent of an original hearing on writ of habeas corpus. This he may not do. Since the appellant is confined in the United States Penitentiary at Atlanta, Georgia, he may make application to the District Court of the United States for the Northern District of Georgia for a writ but this is a matter beyond our jurisdiction and our purview.

The judgment of conviction is affirmed.