### BENTON v. UNITED STATES.

No. 10688.

United States Court of Appeals
District of Columbia Circuit.

Argued Nov. 28, 1950.

Decided Jan. 25, 1951.

---

Mr. Denis K. Lane, Washington, D. C., with whom Mr. George J. Boden, Washington, D. C., was on the brief, for appellant.

Mr. Jerome Powell, Asst. U. S. Atty., Washington, D. C., with whom Messrs. George Morris Fay, U. S. Atty., and Joseph M. Howard and William S. McKinley, Asst. U. S. Attys., all of Washington, D. C., were on the brief, for appellee.

Before EDGERTON, FAHY, and WASHINGTON, Circuit Judges.

FAHY, Circuit Judge.

Appellant was convicted by a jury of taking indecent liberties with a child under the age of sixteen years, in violation of § 22-3501(a), D.C.Code (1940, Supp. VII). He resided in an apartment near that of the child and her mother, though under separate roofs. It is not disputed that at the time in question the child, a girl twelve years of age, was in appellant's apartment and did a dance there when only he and she were present. She said he then took the liberties complained of, with his hand upon parts of her person. He denies that this occurred. There is also disagreement in their testimony as to the reason for her coming to his apartment. She says he called to her from his window when she was below on the street. He denies this, saying she came to the apartment inquiring for his daughter, whom she knew and with whom she testified she was on friendly terms. Each claims the other was the instigator of the dance. After she had told her mother, the latter called the child's married sister who asked a neighbor across the hall what she should do about it. The police were then called.

Thus it is seen that the testimony upon which the conviction rests came from the child and was denied by the accused. The Government at the close of its case tendered the mother to the defendant if he wished to call her.[1] A short recess was taken, after which the evidence was concluded by the testimony of the defendant and others he called. The mother and married sister were not called. Four days after the verdict a motion for a new trial was made, resting primarily upon an affidavit of the mother. In it she states she was present when the child came home on the evening in question. The child had testified that when she came home she was crying. The affidavit of the mother says her daughter first came in through the living room and there was nothing unusual about her appearance until she came out of the bathroom, went into the kitchen, and, crying bitterly, told the mother of the alleged incident. The affidavit also states, "When I

---

1. Although the Government had subpoenaed the mother it did not call her as a witness.

asked Gertrude why she went to Mr. Benton's apartment, she said that she was looking for Barbara Jean, the daughter of Mr. Benton. At the time, Gertrude had been angry for a time with this little girl, Barbara Jean, and had not been on speaking terms with her. * * *" This is at variance in two respects with the testimony of Gertrude on the trial. As we have shown, she testified that she was called by appellant to come, and that she was friendly with his daughter, Barbara Jean. The mother's affidavit concludes, "* * * and in my opinion, my conscience does not allow me to believe that anything happened to my girl on that night. I heard what Mr. Benton said, and I heard what my daughter said."

 The trial court thought that the child had testified truthfully and denied the motion for a new trial. Ordinarily we would not disturb the action of the trial court on such a motion. But we think the situation is exceptional. When in such a case as this the additional evidence brought to the court's attention is that of the mother, who saw and talked to the child shortly after the alleged incident, and this evidence varies substantially from that given by the child, upon which the conviction rests almost entirely,[2] we think a fair trial requires that the mother's testimony be made available to the jury.[3] Cf. Helwig v. United States, 6 Cir., 1947, 162 F.2d 837, 840. Under Rule 33 of the Federal Rules of Criminal Procedure, 18 U.S.C.A., we think a new trial should have been granted "in the interest of justice," so that the mother's testimony could be heard and considered along with that of the others called to testify. The motion for a new trial having been filed within five days after verdict, it need not be treated as grounded upon newly discovered evidence and judged by the standards applicable to a motion so grounded. The provision of Rule 33 permitting a new trial if required in the interest of justice, though temperately to be utilized, is broader in scope than the limitations which have been held applicable where the motion is based on newly discovered evidence. The special factors to which we have referred are adequate to bring this case within the provision upon which we rely.

Reversed and remanded.

2. See People v. Pazell, 399 Ill. 462, 78 N. E.2d 212, 214, where the Supreme Court of Illinois in reversing a conviction for taking indecent liberties with a child under a statute similar to § 22–3501 (a) stated, "* * * We are not unmindful of the danger of resting a conviction upon the testimony of a child of tender years and the judgment will not be permitted to stand unless the testimony is corroborated or otherwise strong and convincing. * * *" See, also, 3 Wigmore (3d ed.) § 924a.

3. See People v. Freeman, 244 Ill. 590, 91 N.E. 708, where the Illinois Supreme Court in reversing a similar conviction for lack of evidence noted as one factor the testimony of the mother of the child that she would not have had the defendant arrested but for the threats of her brother-in-law.