**Henry S. HUGGINS, Appellant,**

**v.**

**UNITED STATES, Appellee.**

**No. 8045.**

District of Columbia Court of Appeals.

Argued Oct. 17, 1974.

Decided March 5, 1975.

Robert T. Smith, Washington, D.C., for appellant.

Barry L. Leibowitz, Asst. U. S. Atty. with whom Earl J. Silbert, U. S. Atty., John A. Terry, James F. McMullin, Carolyn R. Kleiman, and James E. Joyner, Asst. U. S. Attys., were on the brief, for appellee.

Before FICKLING, GALLAGHER and YEAGLEY, Associate Judges.

FICKLING, Associate Judge:

This is an appeal from a judgment of conviction after a nonjury trial for receiving stolen goods in violation of D.C.Code 1973, § 22–2205. The only issue on appeal is whether the trial court erred when it denied appellant's motion for a new trial.* We affirm.

Appellant testified that for the past 30 years he had operated a hardware store in the District of Columbia. During the last eight years, James Neeley, a friend, would often deposit with him a bag which contained his personal items. Neeley habitually returned either the same day or within a couple of days to retrieve his belongings. On October 25, 1972, Neeley carried a shopping bag to appellant's store and, with appellant's permission, left it there. At the same time, appellant loaned Neeley two dollars.

Officers Bennett and Roche of the Metropolitan Police Department testified that they were informed on October 25, 1972, that a tape recorder had been stolen in the area and that the suspected thief was going to take it to appellant's store. Neeley was observed to enter the store carrying a shopping bag, exchange it for money, and depart without it. After obtaining a search warrant, the officers searched appellant's store where they found a stolen recorder in a shopping bag. Thereafter, appellant was charged with receiving stolen goods.

On January 22, 1973, the Assistant United States Attorney originally assigned to the case decided to nolle prosequi the charge of receiving stolen goods. Thereafter, appellant entered a guilty plea to a charge of possession of unregistered firearms, such firearms having been discovered during the search.

Subsequently, the United States Attorney's office reexamined the evidence against appellant and charged him again with receiving stolen goods. On May 29, 1973, a jury trial was begun in the Superior Court. During the course of the trial, Officer Bennett testified on cross-examination that the tape recorder was found in the same shopping bag that Neeley had carried into the store. On the same day during subsequent proceedings, however, a mistrial was declared for reasons not material to the instant case.

On July 31, 1973, a new trial commenced without a jury. During this trial, Officer Bennett testified on direct examination that he had discovered the stolen recorder in a bag other than the one which Neeley carried into the store. Defense counsel, who had before him the transcript of the first trial, did not attempt to impeach Officer Bennett on the basis of prior inconsistent testimony. However, defense counsel asked the witness the following:

Q: Did you ever before testify that this tape recorder wasn't in that bag that it came into the store in?

A: No, sir.

Q: This is the first time you testified as to that?

A: Yes, sir.

Q: Where is that bag that came into the store?

A: That bag has been discarded.

Q: Why?

A: I don't know why.

The case proceeded to conclusion and appellant was found guilty.

Thereafter, appellant moved for a new trial on the basis of the officer's inconsist-

---

* At oral argument it was intimated by counsel for appellant that the charge of receiving stolen goods may have been nolle prosequied in consideration of appellant's plea of guilty to possession of an unregistered pistol. After a thorough examination of the supplemental record and memorandum, we find no merit to this suggestion.

ent testimony. The motion was denied and this appeal followed.

Whether a trial judge grants a new trial is a matter governed by Super.Ct.Cr.R. 33. That rule states, *inter alia,* that new trials may be ordered on the basis of newly discovered evidence or in the interests of justice.

■ First, the evidence here was not newly discovered. The evidence on which the new trial is sought was preexistent but undetected or overlooked according to appellant's counsel. It has been held that belated awareness of contradictory statements made by a witness is not newly discovered evidence. United States v. Passero, 290 F.2d 238, 244 (2d Cir. 1961). Where the evidence was available to the appellant at trial, to allow him to begin anew because of an oversight would encourage carelessness in the preparation of trials. Therefore, we hold that evidence which could have been discovered with due diligence before trial cannot be the basis of a new trial if it is not recognized until after judgment. Heard v. United States, D.C. App., 245 A.2d 125, 126 (1968). Further, here the evidence, it is argued, would impeach the credibility of a witness. Evidence which is merely impeaching or cumulative, however, cannot be the basis of a new trial based on newly discovered evidence. Heard v. United States, *supra*; Murphy v. United States, 91 U.S.App.D.C. 118, 198 F.2d 87 (1952).

■ Second, the interests of justice do not require a new trial. Under this criterion, it is only under exceptional circumstances where, considering the evidence, the defendant did not receive a fair trial, that a new trial will be ordered. Williams v. United States, D.C.App., 295 A.2d 503, 505 (1972); Benton v. United States, 88 U.S.App.D.C. 158, 160, 188 F.2d 625, 627 (1951). Here there are no special factors requiring a new trial because even if the officer's testimony were impeached on the "bag" issue, there is no showing that it was perjurious and that an acquittal would

necessarily follow. We find no manifest abuse of discretion.

We have examined the other issues raised by appellant and find them without merit.

Affirmed.