The STATE of North Dakota, Plaintiff, Appellant, and Cross-Appellee,

v.

Gary HOLY BULL, Defendant, Appellee, and Cross-Appellant.

Cr. No. 526.

Supreme Court of North Dakota.

Dec. 31, 1975.

Robert E. Manly, State's Atty., New Rockford, for plaintiff, appellant, and cross-appellee.

Kenneth E. Tilsen, St. Paul, Minn., for defendant, appellee, and cross-appellant. (James A. Krogsrud, Bismarck, appeared and moved the admission of Kenneth E. Tilsen, St. Paul, Minn., for purposes of this argument.)

SAND, Judge.

This is an appeal by the State from an order of the district court granting defendant's motion for a new trial following his conviction of murder in the first degree. The defendant Gary Holy Bull cross-appealed from the trial court's denial of his motion for a directed verdict.[1]

The defendant Gary Holy Bull was charged with murder in the first degree of Robert L. French and was tried before a jury.

At the end of the State's case, the defendant moved for a "directed verdict of acquittal, pursuant to Rule 29 of the North Dakota Rules of Criminal Procedure, on the ground and for the reason that the State has failed to present a prima facie case and that there is not sufficient evidence to sustain a verdict of conviction in this case." The trial court denied the motion. The defendant did not introduce any evidence, but renewed his motion, which was again denied. The jury, on the 14th day of April, 1975, found the defendant guilty of the crime of murder in the first degree, as charged.

In an instrument entitled "Motion for New Trial Or in the Alternative for Directed Verdict," dated April 17, 1975, the defendant, after the jury verdict, moved the court for a "new trial pursuant to the provisions of Rule 33 [N.D.R.Crim.P.] or in the alternative for a directed verdict pursuant to Rule 29 [N.D.R.Crim.P.]."[2]

A motion for a new trial pursuant to Rule 33 may be granted to the defendant ". . . if required in the interest of justice. . . ." The term "in the interest of justice" embraces numerous items, including insufficiency of evidence.

The court on a motion for a new trial is not limited to the narrow restrictions to which it is limited in a motion for judgment of acquittal.

■ If the court reaches the conclusion that a verdict is contrary to the weight of

---

1. Motion for directed verdict, since early statehood, was not an authorized statutory procedure. However, the court in a nonbinding manner could advise the jury to acquit the defendant under Section 29–21–37, NDCC, but this procedure was phased out with the adoption of the Rules of Criminal Procedure, specifically with the adoption of Rule 29, which superseded Section 29–21–37. Rule 29 was in full force and effect on the date of the alleged crime. Apparently the title of the instrument was a mere misnomer because both the arguments by defendant in favor of the motion, and the trial court, treated the motion for a directed verdict as a motion for judgment of acquittal. The arguments before this Court also treated the motion as one for a judgment of acquittal. The cross-appeal, as pertinent here, stated as follows:

   "The defendant appeals . . . from the orders of the trial court refusing to direct a judgment of acquittal at the close of the government's case, refusing to direct the judgment of acquittal at the close of all the evidence and refusing to grant a judgment of acquittal or a directed verdict upon the motion of the defendant made after the return of the evidence."

2. The arguments made in support of the motion were in reality for a judgment of acquittal and the trial court apparently treated it as such.

   The attorney representing the defendant on appeal was not the same attorney who represented the defendant at the trial.

the evidence and that a miscarriage of justice may have resulted, the verdict may be set aside and a new trial granted. 2 Wright & Miller, Federal Practice and Procedure, § 553, page 486.

■ Rule 33 was modeled after the federal rules. Thus any interpretation and construction placed upon identical or similar language by the federal courts will be entitled to great weight in applying the rule to state courts. In *Benton v. United States*, 88 U.S.App.D.C. 158, 188 F.2d 625, 627 (1951), the court said:

"The provision of Rule 33 permitting a new trial if required in the interest of justice, though temperately to be utilized, is broader in scope than the limitations which have been held applicable where the motion is based on newly discovered evidence."

Insufficiency of evidence to support a conviction has been recognized as grounds for granting a new trial.

■ In *State v. Carroll*, 123 N.W.2d 659, 668 (N.D.1963), this Court quoted with approval from *State v. Braathen*, 77 N.D. 309, 43 N.W.2d 202:

" 'In passing upon a motion for a new trial based on the insufficiency of the evidence, the trial court is clothed with a wide discretion, and his determination with respect to such sufficiency will not be disturbed unless there appears to have been abuse of that discretion.' "

In *State v. DePriest*, 206 N.W.2d 859, 862 (N.D.1973), this Court stated:

"A motion for new trial is also addressed to the trial court's judicial discretion and its decision will not be set aside unless an abuse of discretion is shown."

It thus becomes necessary for us to examine the evidence to determine whether or not the trial court abused its discretion.

■ The victim, Robert L. French, at about 7:45 a.m. on July 26, 1975, was found stabbed to death in a ditch along Highway 281 about three or four miles north of New Rockford, North Dakota.

The defendant Gary Holy Bull was seen in, on, about, or near a red and white pickup in Marksville, South Dakota, on the afternoon of July 25, 1975. The following day this pickup was found abandoned in the vicinity of the crime, New Rockford, North Dakota, with a flat tire. It was later determined that the pickup, a 1972 Chevrolet four-wheel drive, red and white, bearing South Dakota license plates, was stolen from a Mr. Bellman of South Dakota.

The defendant was never identified by any person in North Dakota or in the vicinity of the place where the crime was committed. The only evidence linking the defendant with the crime was a palmprint found on the back door of the victim's car. There was no evidence as to when the defendant may have placed his hands on the victim's car, leaving his palmprint. There was substantial evidence that the victim had driven his vehicle around the general vicinity where he met his death on the evening of the 25th of July and early morning of July 26th. The victim was last seen alive sometime between 3:00 and 4:00 a.m. on July 26 in the general vicinity. The palmprint of the defendant which was found on the back door of the victim's car does not disclose if it was placed on the car prior to or after the victim's death, nor was there independent evidence as to when this occurred. The palmprint contained no blood or blood smears of any kind which could be identified with the victim.

This evidence does not in any manner connect the defendant with the crime and permits mere speculation that the defendant may have been in the general vicinity of the crime. All of the evidence which conceivably may tend to link the defendant to the crime is circumstantial.

■ Circumstantial evidence may be used to establish guilt and is considered competent evidence. Thus, any fact may be proved by either direct evidence or circumstantial evidence, or both.

The trial court found, and even though our inquiry into the evidence on review of motion for new trial is more restricted than that of the trial court, we agree with it that the evidence in this case is totally insufficient to establish guilt beyond a reasonable doubt, not because it is circumstantial evidence, but because the evidence does not establish guilt as required by the Constitution and the appropriate rules of law. The State has not met its burden of proof; therefore the trial court was correct in granting a motion for a new trial on the basis there was insufficient evidence to support the verdict of the jury. The trial court did not abuse its discretion in granting the defendant's motion for a new trial.

In the event of retrial, reference is made to *State v. Carroll*, 123 N.W.2d 659, 667–669, wherein this Court discussed the different standards that apply to the trier of facts and the standards that apply to the appellate court. See also, *State v. Allen*, 237 N.W.2d 154 (N.D.1975).

The defendant, on appeal, urged this court to review the trial court's order denying the motion for a directed verdict (which was treated as if it were a motion for judgment of acquittal under Rule 29, N.D. R.Crim.P.) made at the close of the State's case, and renewed at the end of the trial without defendant putting on any evidence, and again made after the verdict was rendered.

It is the defendant's position and contention that this court, under Sections 29–28–27 and 29–28–28, NDCC,[3] has the plenary power to review any intermediate order which involves the merits or which may have affected the verdict or judgment adversely to the defendant, and that pursuant to such power this court could direct an entry of judgment of acquittal.

The language of Section 29–28–27 raises the question whether or not it requires an appeal by a defendant before this court may review the intermediate orders, or whether a valid appeal by either party is sufficient. We also note that Section 29–28–28 does not make any reference as to who appealed from the judgment or order. This implies that this court may review intermediate orders even though they are not appealable whenever a proper and valid appeal has been taken by either party so as to have the case and record before this court.

The cross-appeal of the defendant does not seem to be authorized by Section 29–28–06, NDCC, which provides as follows:

"An appeal may be taken by the defendant from:

"1. A verdict of guilty;

"2. A final judgment of conviction;

"3. An order refusing a motion in arrest of judgment;

"4. An order denying a motion for a new trial; or

"5. An order made after judgment affecting any substantial right of the party."

■ Even though such order is not appealable, we believe that under the plenary powers of this court where a proper and valid appeal has been taken so as to have the record and case before this court, this court has the authority to issue an order such as is requested by the defendant if the interest of justice demands. However, it does not follow that merely because this court has the power that it should exercise it. Such power should be reserved and used

---

3. "29–28–27. *Court may review intermediate orders.*—Upon an appeal taken by the defendant from a verdict or judgment, the supreme court may review any intermediate order or ruling which involves the merits or which may have affected the verdict or judgment adversely to the defendant."

"29–28–28. *Power of supreme court on appeal.*—The supreme court may reverse, affirm, or modify the verdict or judgment or order appealed from, and may set aside, affirm, or modify any or all the proceedings subsequent to or dependent upon such verdict, judgment, or order, and, if proper, may order a new trial. In either case, the action must be remanded to the district court with proper instructions, together with the opinion of the court."

only where the interest of justice compels its use. The instant case is not one compelling the court to exercise this power.

In effect, the defendant is asking this court for a judgment of acquittal.

In *United States v. Parks*, 460 F.2d 736, 745 (5th Cir. 1972), the Court said:

"Viewing the totality of the evidence, when analyzed critically as we have done, it is almost 'clear to us that upon the evidence * * * a reasonable mind must necessarily have had a reasonable doubt as to * * * guilt.' *Nagell, supra*, 392 F.2d 934 [*Nagell v. United States*, 392 F.2d 934 (5th Cir. 1968)]; *Hopkins v. United States*, 1960, 107 U.S. App.D.C. 126, 275 F.2d 155, 157 n. 2. But we need not reach that pinnacle of absolute certainty, for the defendant has requested a new trial based on a manifest weight of the evidence theory. Although the evidence here (or lack of it) might be such as to otherwise require a directed verdict of acquittal, F.R.Crim.P. 29, that fact does not rule out the appropriateness of a new trial where the defendant has requested one and the interests of justice are best served thereby."

These comments apply to the instant case.

■ We also observe that on a motion for judgment of acquittal under Rule 29, N.D. R.Crim.P., the trial court is required to approach the evidence from a standpoint most favorable to the prosecution, and is required to assume the truth of the evidence offered by the prosecution. If on this basis there is substantial evidence justifying an inference of guilt the motion for judgment of acquittal must be denied. 2 Wright & Miller, Federal Practice and Procedure, § 553, p. 486.

■ The defendant argued before this court that a new trial would be placing the defendant in double jeopardy. In volume 5 of Criminal Procedure Under the Federal Rules, by Lester B. Orfield, ¶ 33:46, p. 325 (1967), it is stated:

"It was early held that insufficiency of the evidence is a ground for a new trial and that the defendant when tried again cannot complain that he has been held in jeopardy because of such insufficiency."

See *United States v. Keen* (1839), 1 McLean 429 (Fed.Cas.No.15,510).

"It is generally conceded that a person convicted of a crime waives his constitutional protection against being put twice in jeopardy and may be tried again where a verdict against him is set aside and a new trial granted on his motion in the trial court." 15 Am.Jur. Criminal Law § 427, p. 89.

The granting of a new trial is a starting over of the entire proceeding. Where the accused moves for and obtains a new trial he in reality waives any right to set up former jeopardy to prevent a complete new trial on the original charge. 21 Am.Jur.2d Criminal Law, § 212, p. 255. In this instance the defendant cannot be heard to complain because the court granted his motion for a new trial.

In *Bryan v. United States*, 338 U.S. 552, 70 S.Ct. 317, 94 L.Ed. 335 (1950), the United States Supreme Court held that where an accused successfully obtained a review of conviction by having assigned several errors on appeal, including the denial of a motion for acquittal, there is no double jeopardy upon the granting of a new trial. The defendant moved for judgment of acquittal at the close of the government's case and again at the close of all evidence with an alternative motion for a new trial. The motions were denied. On appeal, the Court of Appeals reversed the district court on the ground that the evidence was not sufficient to sustain a conviction and granted a new trial. The United States Supreme Court, on appeal, held that the Court of Appeals was not required to direct a judgment of acquittal but could direct a new trial. This is in complete harmony with the statement in *Parks, supra*. In this instance the double jeopardy provision does not apply, as contended by the defendant.

Because of our disposition of this appeal in affirming the order of the trial court granting a new trial, any further discussion on this subject will serve no useful purpose.

We affirm the order granting a new trial on the basis that the defects in the evidence may be supplied in the new trial.

ERICKSTAD, C.J., and VOGEL, PEDERSON and PAULSON, JJ., concur.