John E. POTEAT, Appellant,

v.

UNITED STATES, Appellee.

No. 9211.

District of Columbia Court of Appeals.

Argued Feb. 11, 1976.

Decided Aug. 20, 1976.

William V. DePaulo, Washington, D.C., appointed by this court, for appellant.

Alexia Morrison, Asst. U. S. Atty., Washington, D.C., with whom Earl J. Silbert, U. S. Atty., John A. Terry, James F. McMullin and Joseph E. di Genova, Asst. U. S. Attys., Washington, D.C., were on the brief, for appellee.

Before KELLY, FICKLING and YEAGLEY, Associate Judges.

PER CURIAM.

This is an appeal from a jury trial conviction of first-degree burglary, D.C. Code 1973, § 22–1801(a), and obstruction of justice, D.C.Code 1973, § 22–703. The issues presented on appeal are whether the trial court erred by (1) denying appellant's motion for a continuance; (2) refusing to hear testimony from complainant's mother regarding statements allegedly made to her by a detective; and (3) denying appellant's motion for a new trial based on the discovery of new evidence. We affirm.

First, appellant contends that the trial court erred by denying his motion for a continuance made on the scheduled trial date. Specifically, appellant contends that a continuance was warranted due to his lack of trial preparation and the allegedly debilitating effects of his ingestion of narcotics on the day of trial.

 It is well settled that the grant or denial of a continuance is a matter within the sound discretion of the court and is not subject to review absent clear abuse. *Brown v. United States,* D.C.App., 244 A.2d 487, 489 (1968); *Gilmore v. United States,* 106 U.S.App.D.C. 344, 348–49, 273 F.2d 79, 83–84 (1959). The record shows that any lack of trial preparation resulted from appellant's dilatory conduct in failing to appear for six scheduled pretrial conferences with his attorney. Moreover, the trial judge found that appellant's ingestion of methadone did not hamper his ability to assist counsel in his own defense.[1] Accordingly, we find that the trial court did not abuse its discretion by denying the motion for a continuance.

 Second, appellant contends that the trial court erred by excluding testimony by the complainant's mother about statements allegedly made to her by one Detective Brown concerning his reasons for wanting appellant convicted. Without addressing the issue of hearsay, we hold that the testimony was properly excluded since it was irrelevant. To be relevant, evidence must relate to an issue in the case. *Weinstock v. United States,* 97 U.S.App.D.C. 365, 367, 231 F.2d 699, 701 (1956). In this case, testimony concerning the motivation of the detective in pursuing his investigation was clearly not relevant to any material issue and was, therefore, properly excluded. *See Simms v. United States,* 101 U.S.App.D.C. 304, 308, 248 F.2d 626, 630, *cert. denied,* 355 U.S. 875, 78 S.Ct. 127, 2 L.Ed.2d 79 (1957).

Finally, we reject appellant's contention that the trial court erred by denying his motion for a new trial based on newly discovered evidence. After examining the proffered evidence—an affidavit prepared by a witness to the incident in question—the trial judge denied the motion. In so ruling, the court below determined that the affidavit did not constitute newly discovered evidence under the standards set forth in *Heard v. United States,* D.C.App., 245 A.2d 125 (1968).[2]

 We would note first that the trial judge has broad discretion in granting

---

1. In denying the motion for a continuance, the court stated:
 He certainly has been in full view of the court, talking with you and consulting with you and making suggestions, which indicate he is thinking about the case. . . . He seems to be able to consult with you. . . .

2. In *Heard, supra* at 126, this court stated:
 The prerequisites for the granting of a new trial because of newly discovered evidence are: (1) the evidence must have been discovered since the trial; (2) the party seeking the new trial must show diligence in the attempt to procure the newly discovered evidence; (3) the evidence relied on must not be merely cumulative or impeaching; (4) it must be material to the issues involved; and (5) of such nature that in a new trial it would probably produce an acquittal. [Footnote omitted.]
 Moreover, we find that no exceptional circumstances exist which would require a new trial in the interest of justice. *See Benton v. United States,* 88 U.S.App.D.C. 158, 188 F.2d 625 (1951).

or denying a new trial based on newly discovered evidence, *Williams v. United States,* D.C.App., 295 A.2d 503, 505 (1972); *Thompson v. United States,* 88 U.S.App.D.C. 235, 236, 188 F.2d 652, 653 (1951), and that such a motion may be decided on affidavits alone. *Ewing v. United States,* 77 U.S.App.D.C. 14, 19, 135 F.2d 633, 638 (1942), *cert. denied,* 318 U.S. 776, 63 S.Ct. 829, 87 L.Ed. 1145 (1943). In the instant case, the record shows that at the time of trial appellant was aware that the affiant was a witness to the incident. In fact, it appears that appellant knew the affiant personally and was aware of his whereabouts. These facts, coupled with appellant's failure to subpoena affiant at trial, demonstrate a total lack of diligence to secure his testimony at trial. Moreover, we agree with the trial court's finding that the material contained in the affidavit "would in all likelihood *not* cause the jury to acquit defendant." Accordingly, we find no abuse of discretion.

For the above reasons, appellant's conviction is

*Affirmed.*