620 P.2d 284

**STATE of Idaho, Plaintiff–Appellant,**

v.

**Zelma KEELY, Defendant–Respondent.**

**STATE of Idaho, Plaintiff–Appellant,**

v.

**Dale KEELY, Defendant–Respondent.**

**Nos. 13167, 13168.**

Supreme Court of Idaho.

Nov. 5, 1980.

Rehearing Denied Dec. 29, 1980.

David H. Leroy, Atty. Gen., Lynn E. Thomas, Lance Churchill, Deputy Attys. Gen., Boise, for plaintiff–appellant.

Eric T. Nordlof, Coeur d'Alene, for defendants–respondents.

PER CURIAM.

Defendants–respondents Dale and Zelma Keely were charged on October 6, 1977, with the felony of attempting to obtain money by false pretenses. The criminal complaint alleged that the defendants had attempted to obtain money from Travelers Insurance Company by means of false representations. The state presented circumstantial evidence applicable to three alternative theories of false representations: (1) defendants had reported a non–existent burglary, (2) defendants had reported property stolen which never existed, and (3) if property was taken, the value was misrepresented.

Following a jury trial whereat Dale and Zelma Keely were convicted, said defendants moved for a new trial on two grounds: (1) juror misconduct and (2) newly discovered evidence. Testimony offered in support of the new trial motion focused mainly on juror misconduct. Evidence submitted regarding the newly discovered evidence consisted of two letters which tended to support the defense offered at trial.

The trial court, in granting the motion on the grounds of the newly discovered evidence only, stated:

"But I do feel that the evidence was possibly extremely important evidence, and it could have made a difference in the outcome of the trial.

"Now, I realize that this is expensive for the state to proceed through another trial when they've done it once. But I think justice is more important than expense."

The sole question before this Court on appeal is whether the trial court abused its discretion in granting defendants' motion. The State relies upon *State v. Drapeau*, 97 Idaho 685, 691, 551 P.2d 972, 978 (1976), for the proposition that movant must show (1) that the evidence is newly discovered and was unknown to the defendant at the time of trial; (2) that the evidence is material, not cumulative; (3) that it will probably produce an acquittal; and (4) that failure to learn of the evidence was due to no lack of diligence on the part of the defendant.

■ While Professor Wright's [1] standard was adopted in *Drapeau*, we also recognized the applicability of I.C.R. 33: [2] "I.C.R. 33 recognizes the traditional principle that a trial judge has broad powers to grant a new trial if he concludes for any reason that the trial has resulted in a miscarriage of justice." Note 4, *Drapeau*, 97 Idaho at 691, 551 P.2d 972. No contradiction exists between Professor Wright's position and that of this Court in *Drapeau*, since Wright also applies his four criteria in conjunction with Fed.R.Crim.P. 33.[3]

■ In *Delbridge v. United States*, 262 F.2d 710 (D.C. Cir. 1958), the court reversed the denial of a new trial where purely circumstantial evidence played a major role in a conviction. In applying a less stringent standard, the court stated that it felt under the circumstances it was too much to require counsel to anticipate the key part played by the circumstantial evidence even though that evidence failed the more demanding standard. In the case at bar which was decided based in a large part upon circumstantial evidence, the trial judge clearly indicated that he felt under the circumstances that justice requires the defendants have a new trial. We find no abuse of discretion and affirm.

We find it unnecessary to reach the issue of whether the great differences between the potential errors [4] require a less strin-

1. 2 C. Wright, Federal Practice and Procedure. Criminal, § 557 at p. 515 (1969).

2. "I.C.R. 33. New trial.–The court on motion of a defendant may grant a new trial to him if required in the interest of justice. ... A motion for a new trial based upon the ground of newly discovered evidence may be made only before or within two (2) years after final judgment.... A motion for a new trial based on any other ground may be made at any time within ten (10) days after verdict or finding of guilt or within such further time as the court may fix during the ten (10) day period. [Effective January 1, 1972]." This rule was substantially readopted with the Idaho Criminal Rules on December 27, 1979, effective July 1, 1980, as I.C.R. 34. The major changes were the expansion of the ten (10) day time limits to fourteen (14) and the addition of imposition of sentence as a point from which the time limitation begins to run. These Idaho criminal rules are almost verbatim from Federal Rule of Criminal Procedure 33 except it applies seven (7) day time limits and runs only from verdict or finding of guilt.

3. 2 C. Wright, Federal Practice and Procedure. Criminal § 557 at pp. 516–517 (1969). Professor Wright recognizes two situations where he applies the less stringent "interest of justice" standard, rather than the more demanding four criteria. First, if a motion for new trial is filed within Fed.R.Crim.P. 33's seven days, then the lesser standard is applied whether it is based on the "newly discovered evidence" or "any other ground." Wright, *supra* at 516, cites *Brodie v. United States*, 295 F.2d 157, 159, 160 (D.C. Cir. 1961), *citing* Barron & Holtzoff, Federal Practice & Procedure § 2281 (Rules ed. 1958), for the following rationale: "Plainly a later motion properly puts the movant under a heavier burden for the passage of time inevitably ripens the finality of the judgment and increases the difficulties of again proving a case. But on a motion for a new trial made within five days [the prior federal limit] 'the court sits as a thirteenth juror,' and the trial court has broader powers." Second, Wright, *supra* at 517, recognizes the need for flexibility in applying the more onerous criteria in some circumstances where purely circumstantial evidence plays a major role in a conviction.

4. The worst consequence of granting the motion is that the state will have the expense of another trial. If the defendants are found not guilty at the new trial, then we can only assume that the granting of the motion was correct. On the other hand, the worst consequence of denying the motion is that the defendants remain convicted of a crime which they might not have committed. Nearly all case law deals with denials of motions. In one

gent standard when *granting* a new trial than when *denying* a new trial.

of the few cases dealing with the review of a granting of a motion for new trial, the First Circuit U. S. Court of Appeals reversed because the evidence failed to meet the stricter criteria. *In re United States*, 565 F.2d 173 (1st Cir. 1977). But the First Circuit made no recognition of any possible distinction between granting and denying a motion and based its decision on two cases which reviewed denials of motions of new trials. In contrast, the D. C. U. S. Circuit Court of Appeals affirmed a granting of a motion based on the seven–day rule. *In re United States*, 598 F.2d 233 (D.C. Cir. 1979). Although it found it unnecessary to directly confront the distinction between granting and denying a motion for a new trial, it recognized the importance of a court's discretion in granting motions for new trials.